UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONLEE TITLOW,

      Plaintiff,

                            CASE NO. 07-CV-12083-DT
                            JUDGE JOHN CORBETT O'MEARA
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CORRECTIONS MEDICAL SERVICES, INC.
ET AL.,

      Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO SET
ASIDE CLERK'S ENTRY OF DEFAULT (Doc. Ent. 31) AND DIRECTING THE CLERK
OF THE COURT TO SET ASIDE THE NOVEMBER 20, 2007 ENTRY OF DEFAULT**

**A.    Background**

On May 14, 2007, while incarcerated at the Southern Michigan Correctional Faciltiy (JMF)

in Jackson, Michigan, plaintiff Vonlee Titlow filed this prisoner civil rights complaint pursuant to

42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Ionia Maximum Correctional Facility

(ICF).  *See* www.michigan.gov/corrections, "Offender Search".

There are twelve (12) named defendants, only eight (8) of whom have been served.  Doc.

Entries 13, 17-23.  To date, it appears that defendants Correctional Medical Services, Hutchinson,

Forshee and Kleinhart have not been served.  *See, i.e.*, Doc. Entries 8, 24.  Nor have appearances

been entered on their behalf.  *See, i.e.*, Doc. Entries 9, 10, 27 (limited appearance).

**B.    The CMS Defendants' Motion to Set Aside**

On November 15, 2007, plaintiff filed a request for clerk's entry of default as to defendants

CMS, Hutchinson, Forshee and Kleinhardt.  Doc. Ent. 28.  The Clerk of the Court entered default

on November 20, 2007 pursuant to Fed. R. Civ. P. 55(a). Doc. Ent. 29. That same day, the CMS

defendants (CMS, Hutchinson Forshee and Kleinhardt) filed a response to plaintiff's request for

entry of default. Doc. Ent. 30.

On November 27, 2007, the CMS defendants filed a motion to set aside the Clerk's entry of

default. Doc. Ent. 31. Specifically, they argue that "[t]he CMS defendants have not been properly

served with the summons and complaint in this matter[;]" "[t]he Court has not acquired jurisdiction

over the CMS Defendants and has no authority to enter a default against these Defendants[;]" and

"the Court has not ordered these Defendants to reply to Plaintiff's Complaint pursuant to 42 [U.S.C.]

§ 1997e(g)(2)." Doc. Ent. 31 at 2, 7, 9.

**C.      Analysis**

"The court may set aside an entry of default for good cause, and it may set aside a default

judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Therefore, the question at bar is whether there

exists "good cause" to set aside the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).

As the CMS defendants note, their motion to set aside the Clerk's November 20th entry of

default was filed seven days later - on November 27th. Doc. Ent. 31 at 8. Therefore, these named

defendants were not dilatory with their request.

More importantly - as it appears and as defendants CMS, Hutchinson, Forshee and

Kleinhardt maintain - these defendants have not been served with summons and a copy of the

complaint; therefore, this Court does not have jurisdiction over them. "Before a federal court may

exercise personal jurisdiction over a defendant, the procedural requirement of service of summons

must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

"'[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the

subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Intern., Ltd.*, 484 U.S. at 104 (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445, 66 S.Ct. 242, 245-246, 90 L.Ed. 185 (1946)).  "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant." *Id*.

As the CMS defendants note, "actual notice of a lawsuit is immaterial where service of process is defective." Doc. Ent. 31 at 9.  The Sixth Circuit has stated:  "The individual defendants were never personally served in accordance with [Fed. R. Civ. P. 4].  Service was simply made on the Department of Justice.  Although this would be sufficient to effect service on defendants in their official capacities, it cannot suffice to bring them before the court in their individual capacities." *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*,  845 F.2d 113, 116 (6th Cir. 1988).  "[T]he fact that the defendants had actual notice of the suit is, of course, immaterial." *Ecclesiastical Order of the Ism of Am, Inc.* , 845 F.2d at 116.

Accordingly, I will grant the CMS defendants' motion to set aside clerk's entry of default.[1]

**D.     Order**

---

[1]Incidentally, on December 3, 2007, I entered an order directing service without prepayment of costs and authorizing the United States Marshal to collect costs after service is made.  Doc. Ent. 32.  The following day, the U. S. Marshal acknowledged receipt of 4 copies of the complaint for service of process.  Doc. Ent. 33.

Accordingly, the CMS defendants' motion to set aside clerk's entry of default (Doc. Ent. 31)

is GRANTED.  Furthermore, the Clerk of the Court is DIRECTED to set aside the November 20,

2007 entry of default.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten

days from the date of service of this Order within which to file any written appeal to the District

Judge as may be permissible under 28 U.S.C. 636(b)(1).

<div style="margin-left:40%">

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

</div>

Dated: 12/6/07

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 6, 2007.

s/Eddrey Butts
Case Manager

---

4