UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

APR - 1 2008

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

**VONLEE NICOLE TITLOW,**

    Plaintiff,

v.

**CORRECTIONAL MEDICAL SERVICES, Inc, et al,**

    Defendants.

Case No. 07-cv-12083

Hon. John Corbett O'Meara

Hon. Paul J. Komives

---

Thomas J. Trenta (P25957)
Michael D. Kennedy (P55983)
Attorney's for CMS Defendants
33 Bloomfield Hills Pkwy, Ste 290
Bloomfield Hills, MI 48304-2945
(248) 554-9900

Christine M. Campbell (P31138)
Assistant Attorney General
Attorney for MDOC Defendants
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

Vonlee Nicole Titlow
Plaintiff Pro Se
ID No. 384878
1576 West Bluewater Hwy
Ionia, MI 48846-8594
(616) 527-6331

---

### MOTION FOR APPOINTMENT OF COUNSEL

**NOW COMES** the Plaintiff, Vonlee Nicole Titlow, proceeding in propria persona, and asks the Court to request an attorney to represent Plaintiff pursuant to 28 USC § 1915(e)(1) for the following reasons:

1. Plaintiff is without the funds to obtain an attorney and has attempted to locate an attorney who will represent her to no avail thus far.

2. Exceptional circumstances exist in this case that warrant the Court's requesting counsel to represent Plaintiff, including that this is a complex medical case; this case requires investigation and discovery beyond what the Plaintiff proceeding pro se can accomplish from inside prison; some of the defendant's are located out of state in Missouri, including Correctional Medical Services which has offices in St. Louis; preliminary injunctive relief is necessasry in this case in order to alleviate the further damage to Plaintiff from the leaking silicone, and to alleviate the unnecessary pain and suffering inflicted by the lack of constitutionally adequate medical care; Plaintiff has only the assistance of a prisoner to help her who is violating MDOC Rules by possessing legal papers and helping Plaintiff. Plaintiff's legal papers can be seized at any time as "contraband" under current MDOC rules. (The MDOC has eliminated the "Legal Assistance Agreements" whereby prisoners can aid other prisoners and Plaintiff is not eligible for the MDOC Legal Writer Assistance Program.)

3. It would be in the interest of justice to request an attorney to represent Plaintiff.

WHEREFORE, for the reasons set forth herein and in the incorporated Brief in Support, the Plaintiff asks the Court to request an attorney to represent Plaintiff.

Respectfully submitted,

Vonlee N. Titlow
Plaintiff Pro Se

Dated: March 28, 2008

2

## INCORPORATED BRIEF IN SUPPORT

### Statement of Issue Presented

Should the Court Request an Attorney to Represent the Plaintiff due to exceptional circumstances?

Plaintiff answers "Yes".

Defendant's answer unknown.

## Controlling Authority

28 USC § 1915(e)(1)

<u>Johnson v. Howard</u>,
20 F.Supp2d 1129 (WD MI, 1998)

### Discussion and Argument

**The Court should request an Attorney to Represent the Plaintiff due to exceptional circumstances.**

Title 28 USC § 1915(e)(1) provides that "[t]he Court may request an attorney to represent any person unable to afford counsel."

Plaintiff is aware that the Court does not routinely request attorney's to represent pro se litigants and that prisoners have no statutory right to counsel in federal civil rights cases, and that it is within the Court's discretion. Glover v. Johnson, 75 F.3d 264 (6th Cir, 1996), cert denied, 117 S.Ct 67 (1997). Although there is generally no right to counsel in such cases, counsel may be appointed where there are exceptional circumstances warranting such an appointment. Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir, 1993). Plaintiff submits that her case is one such case presenting exceptional circumstances warranting the appointment of counsel.

WHEREFORE, for the reasons set forth herein and in the preceding motion, the Plaintiff asks the Court to request an attorney to represent Plaintiff.

Respectfully submitted,

*/s/ Vonlee N. Titlow*
Vonlee N. Titlow
Plaintiff Pro Se

Dated: March 28, 2008

5